[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was brought by the plaintiff wife against the defendant husband for dissolution of their marriage on the grounds of irretrievable breakdown. The parties were married on October 16, 1999 in Southbury, CT. There are no children issue of this marriage.
The parties appeared at trial and each testified. The court observed their demeanor and evaluated their credibility. In addition, the court reviewed and considered the exhibits, sworn financial affidavits, claims CT Page 9337 for relief, proposed orders and trial memoranda. Based upon the evidence, the court makes the following findings.
This action was commenced on June 25, 2001. The court has jurisdiction, and all statutory stays have expired. The marriage has irretrievably broken down and judgment may enter dissolving the marriage on this ground. At the time of the marriage, the parties lived in an apartment in Milford. Approximately 10 months after their marriage, in June of 2000, the parties purchased a home at 20 Vazzano Place, Trumbull, CT, for $260,000. Funds for the deposit, closing costs, and for furniture totaling some $63,000 were paid from the plaintiffs savings and the balance from mortgage proceeds.
The plaintiff is 44 years old. He began working for Sikorsky in April of 1994 and at the time of the marriage earned approximately $59,000 per year. The defendant also worked at Sikorsky, and at the time of the marriage had an annual salary of approximately $38,000.
The defendant is also 44 years old. After graduating from high school, she took continuing education courses and recently graduated from college. The plaintiff graduated from high school in 1976, took a two-year horticultural course a community college, and worked at Avco Lycoming from 1981 to 1992 and thereafter for Sikorsky.
Problems began early and intensified after the move to their new home in the summer of 2000. They primarily related to the parties' different interests and to the nature of the defendant's relationship with her daughter.
In January 2001, the defendant began to experience very rapid heart rate related to cardiac problems. She underwent successful procedures at Yale, and, after approximately six months absence, was able to return to a four-hour workday in June of 2002. She received disability payments during her absence and while working part-time. She now feels better than she had anticipated and "better than ever before". Soon, she will discuss with her doctor the amount of time she should work and when, and if, she should return to a full work schedule. Disability income will terminate when the defendant returns to full-time employment, although it would be available to her if she is disabled to age 65.
In August, 2001, the plaintiff moved out of the family home because of constant arguments and an unhealthy, hostile and volatile environment. Neither this move nor the commencement of this action was caused by or the result of the defendant's medical condition.
The court has carefully considered the statutory criteria and the CT Page 9338 applicable case law in reaching the decision reflected in the orders that follow.
 1. The marriage of the parties, having broken down irretrievably is hereby dissolved.
 2. Lump Sum Alimony — the plaintiff shall pay the defendant by way of lump sum alimony, on the day of the closing of the sale of the 20 Vazzano Place, Trumbull, CT property the sum of $5,000.00. No award of periodic alimony is made to either party.
 3. Property Division — the joint owned real property located at 20 Vazzano Place, Trumbull, CT shall be sold immediately.
 1. Said property shall immediately be listed for sale with a broker/listing agent agreeable to both parties. If the parties cannot agree upon a broker, the court shall appoint the same. If the parties cannot agree upon a listing price, the parties shall, each, at their own expense select a broker/listing agent who will each then select a third listing agent who shall set the initial price and list the property for sale. The parties will cooperate in the effort to sell the property.
 The parties shall accept any offer within 5% of the listing price. Until a sale, the listing price shall be reduced 2 1/2% every 45 days unless both parties agree otherwise. Both parties must agree before accepting any offer more than 5% below the listing price.
 The wife may continue to reside in the home until the sale and shall have exclusive possession of the residence. Until the sale, parties shall each pay one-half of the mortgage, real estate taxes, fire taxes, home owners insurance, maintenance, refuse collection and repairs. In the event of any extraordinary repair, i.e. any repair item the cost for which is in excess of $500, the parties shall equally share the cost of said items.
 On the closing of the sale, the proceeds of the sale shall be divided as follows:
a. The balance of the existing first mortgage shall be paid;
b. Real estate broker's commission shall be paid;
c. Reasonable attorneys' fees and disbursements and normal and customary expenses of sale, including real estate conveyance taxes shall be paid; Net proceeds, after payment of the above items shall CT Page 9339 be divided one-third to the defendant wife and two-thirds to the plaintiff husband.
 d. Any capital gains taxes associated with the sale of the residence shall be proportionately divided between the parties in accordance with their receipt of proceeds.
 e. The court shall retain jurisdiction over the sale of the property to insure compliance with the above and to resolve any disputes arising from this order.
 4. Pensions and Retirement Plans — Parties shall each retain their own pension and 401(k) plans free and clear of any claims of the other.
 5. Personal Property — Each of the parties shall retain possession of their respective personalty as detailed in the Stipulation re Personal Property and all property in the present marital residence, 20 Vazzano Place, Trumbull, CT, assigned to the plaintiff will remain in said residence until the residence is sold as per said stipulation (attached). Each of the parties shall retain their individual checking, saving and credit union accounts.
 6. Each party shall retain all life insurance policies presently in their name.
 7. Parties shall cooperate with each other and their mutual employer as required to affect COBRA benefits for the defendant, if necessary.
8. Janus Mutual Fund shall be divided equally between the parties.
 9. If the parties file individual income tax returns for the calendar years 2001 and/or 2002, each party shall be entitled to one-half of the mortgage interest and property tax deductions for the marital residence.
10. Each party shall pay their attorney's fees.
11. The defendant's maiden, Lynn G. Newbauer, is restored.
HILLER, J. CT Page 9340